■ In the Matter of the Claim of ANNETTE MAISEL, on Behalf of Herself and Minor Children, Respondent, against MILTON BERLE et al., Appellants, and SAGEBRUSH ENTERPRISES, INC., Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer Milton Berle and his carrier from a decision of the Workmen's Compensation Board making an award of death benefits. The deceased employee, who was a drummer, accompanied Berle in his night club act. Berle had arranged for the decedent to be with him for an eight-week engagement in Las Vegas beginning on February 20, 1957. The decedent left his home in Flushing, Long Island at 6:00 A.M. on February 12 to drive to Las Vegas and later that same day met with a fatal accident near Mechanicsburg, Pa. The engagement in Las Vegas was made in the name of Sagebrush Enterprises, Inc., of which Berle was the sole stockholder. The issues raised on this appeal are jurisdiction, whether Berle or Sagebrush was the employer and whether the accident arose out of and in the course of the employment. Sufficient contacts with New York were shown to give rise to jurisdiction in this State. The hiring was here, the employer's office was here, travel expenses to and from the out-of-State location were paid, the decedent was a resident here and compensation coverage was procured

by Berle here (cf. *Matter of Nashko* v. *Standard Water Proofing Co.*, 4 N Y 2d 199, 202). Although the decedent's traveling expenses had been paid in a check drawn on Sagebrush there was evidence that checks were drawn on Sagebrush or a special account for Berle without regard to whose name the contract was in. It was established that Berle personally negotiated with the night clubs and then the contract was drawn in either his name or that of Sagebrush by his attorney as a matter of convenience. While these contracts sometimes called for other "acts", Berle indicated that the decedent was part of his personal "act". Thus the board could properly find that the decedent was employed by Berle. Further there is no merit to the appellants' contention that the accident did not arise out of and in the course of the decedent's employment. The decedent was permitted to use his car to drive to an engagement even though his expenses were paid for travel by plane. The argument that he was traveling at an excessive speed is based on an erroneous premise as to the distance from decedent's home to the point of the accident and in any event the exact time of the accident was not established. Decision and award unanimously affirmed, with one bill of costs to be divided between the respondents, with printing disbursements to each. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.